UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

VICTOR CABRERA,

    Plaintiff,

v.

CASE NO: 8:17cv854 T 36 TBM

KABLELINK COMMUNICATIONS, LLC,
a Florida Limited Liability Corporation,

    Defendant.

_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

COMES NOW, the Plaintiff, VICTOR CABRERA (hereinafter "Plaintiff"), by and through its undersigned counsel, hereby sues the Defendant, KABLELINK COMMUNICATIONS, LLC, a Florida Limited Liability Corporation, (hereinafter referred to as "Defendant") and states as follows:

### INTRODUCTION

1. This is an action to recover money damages for unpaid wages, unpaid overtime wages, and compensatory damages under the Fair Labor Standards Act 29 U.S.C. §§ 201-216 and Florida Statute Chapter 448. Plaintiff seeks damages and a reasonable attorney's fee.

### JURISDICTION

2. Jurisdiction is conferred on this Court by Section 16(b) of the Fair Labor Standards Act, 29 U.S.C. § 216(b) and 28 U.S.C. §§ 1331, 1337, and 1350. Supplemental jurisdiction over Plaintiff's claims under Florida law is conferred by 28 U.S.C. § 1367.

1



## VENUE

3. Venue is proper in the Middle District of Florida because the Defendant's primary place of business in this district, and because a substantial part of the events and omissions giving rise to the Plaintiff's claims occurred in this district

## THE PARTIES

4. Plaintiff is a resident of Tampa, Hillsborough County, Florida.

5. At all times relevant hereto, Plaintiff was an "employee" pursuant to 29 U.S.C. § 203(e)(1) of the Fair Labor Standards Act.

6. At all times relevant hereto, Plaintiff was a non-exempt employee of the Defendant, and regularly worked in excess of forty (40) hours during one or more workweeks within three (3) years of the filing of this Complaint.

7. Defendant, KABLELINK COMMUNICATIONS, LLC. is a Florida corporation which maintains its business operations in Tampa, Hillsborough County, Florida.

8. Defendant, KABLELINK COMMUNICATIONS, LLC. is an "employer" pursuant to 29 U.S.C. § 203(d) of the Fair Labor Standards Act.

9. During all times material hereto, Defendant, KABLELINK COMMUNICATIONS, LLC. was an enterprise engaged in commerce as defined in 29 U.S.C. §§ 203(r) and 203(s).

10. At all times pertinent to this Complaint, Defendant failed to comply with 29 U.S.C. §§ 201-219 in that Plaintiff performed services for the Defendant for which no provision was made to properly pay Plaintiff for those hours in which overtime was required to be paid. Additionally, Plaintiff was required by the Defendant to work off of the clock, sometimes for no pay, sometimes for his straight time pay, and sometimes at an hourly rate less than straight time pay.

11. In addition, the Defendant has refused to issue payment to the Plaintiff for wages earned.

12. Plaintiff has complied with all conditions precedent in this case, or they have been waived.

## GENERAL ALLEGATIONS

13. During all times relevant to this complaint, Plaintiff was employed by Defendant.

14. Plaintiff was employed as a cable installer for the Defendant.

15. The Defendant misclassified the Plaintiff as an independent contractor.

16. The Plaintiff was actually an employee of the Defendant, however the Defendant refused to recognize his status as an employee.

17. The services that the Plaintiff provided to the Defendant or on behalf of the Defendant was integral to the Defendant's business as the Defendant contracted to provide installation services to major cable companies such as Brighthouse Networks.

18. The Plaintiff had no managerial opportunities and had no independent authority outside of the directions and instructions provided by the Defendant.

19. The Plaintiff was not required to make any investment in the Defendant's operations and the Defendant provided all of the resources necessary for the Plaintiff to perform his work.

20. The Plaintiff did not have the ability to exercise independent business judgment in the course of the work he performed for the Defendant.

21. The Plaintiff's employment with the Defendant was indefinite with no set termination date.

22. The Defendant set the Plaintiff's rate of pay and Plaintiff was not able to negotiate his rate of pay.

23. The Defendant determined the Plaintiff's work hours and penalized the Plaintiff if he did not comply.

24. The Defendant controlled all meaningful aspects of the Plaintiff's employment.

25. The Defendant compensated the Plaintiff per job (commonly referred to as piecemeal or piece rate) regardless of the amount of time that it took to complete the job.

26. Plaintiff regularly worked an average of 70-80 hours per week for the Defendant, but Defendant did not compensate the Plaintiff at a rate of at least the Federal minimum wage, and/or the Defendant did not compensate the Plaintiff for all hours worked over 40 hours.

27. The Defendant and its representatives knew that Plaintiff was not being paid at a rate equal to the Federal minimum wage.

28. The Defendant and its representatives knew that Plaintiff was working overtime, and that federal law requires employees such as the Plaintiff to be compensated at time and one-half per hour for overtime pay.

29. The Defendant intentionally refused to pay the Plaintiff at a rate equal to the Federal minimum wage.

30. The Defendant intentionally cheated Plaintiff out of the overtime to which the Fair Labor Standards Act entitles him.

31. In the course of his employment with Defendant, Plaintiff worked the number of hours required of him, but was not paid time and one-half for all hours worked in excess of forty (40) during a workweek as required by the Fair Labor Standards Act.

32. In addition, during a portion of the time that Plaintiff was employed by the Defendant, Plaintiff was not paid at a rate equal to the Federal minimum wage as required by the Fair Labor Standards Act.

33. The records concerning the number of hours actually worked by Plaintiff, and the compensation actually paid to him, are in the possession and custody and control of Defendant, and Plaintiff is unable to state at this time the exact amount due and owed to him. Plaintiff proposes to obtain such information by appropriate discovery proceedings to be taken in this case and to prove the amounts due at trial.

34. Plaintiff has retained the undersigned legal counsel to prosecute this action on his behalf, and has agreed to pay a reasonable fee for their services.

35. Plaintiff is entitled to reasonable attorneys' fees if he is the prevailing party in this action.

## COUNT I – VIOLATION OF THE OVERTIME PROVISION OF THE FAIR LABOR STANDARDS ACT

36. Plaintiff re-alleges and incorporates herein the allegations contained in paragraphs 1 through 34 above.

37. Plaintiff is entitled to be paid time and one-half for each hour worked in excess of forty (40) in each workweek.

38. Plaintiff regularly worked an average of 70-80 hours a week.

39. Defendant refused to compensate the Plaintiff for all hours worked in excess of 40 hours as required by the Fair Labor Standards Act.

40. By reason of the intentional, willful, and unlawful acts of the Defendant, Plaintiff has suffered damages plus incurring costs and reasonable attorneys' fees.

41. As a result of Defendant's willful violations of the Fair Labor Standards Act, Plaintiff is entitled to liquidated damages as provided in § 216 of the Fair Labor Standards Act.

42. As a result of the Defendant's violations of the Fair Labor Standards Act, Plaintiff has suffered emotional pain and suffering, and therefore seeks compensatory damages to make him whole for such damage.

WHEREFORE, Plaintiff prays that this Court will grant judgment against the Defendant as follows:

(a) Awarding damages against the Defendant on the basis of Defendant's willful violations of the Fair Labor Standards Act, 29 U.S.C. § 201 et seq. and other Federal Regulations; and

(b) Awarding Plaintiff actual damages in the amount shown to be due for unpaid wages and overtime compensation for hours worked in excess of forty weekly, with interest; and

(c) Awarding Plaintiff compensatory damages for emotional pain and suffering;

(d) Awarding Plaintiff an equal amount in double damages/liquidated damages; and

(e) Awarding Plaintiff costs, and reasonable attorneys' fees; and

(f) Granting such other and further relief as this Court deems equitable and just and/or available pursuant to Federal Law.

## COUNT II – VIOLATION OF THE MINIMUM WAGE PROVISION OF THE FAIR LABOR STANDARDS ACT

43. Plaintiff re-alleges and incorporates herein the allegations contained in paragraphs 1 through 34 above.

44. Plaintiff is entitled to be paid minimum wage of $7.25 each hour worked in each workweek.

45. Defendant compensated the Plaintiff less than the Federal minimum wage for each hour worked in each workweek.

46. By reason of the intentional, willful, and unlawful acts of the Defendant, Plaintiff has suffered damages plus incurring costs and reasonable attorneys' fees.

47. As a result of Defendant's willful violations of the Fair Labor Standards Act, Plaintiff is entitled to liquidated damages as provided in § 216 of the Fair Labor Standards Act.

48. As a result of the Defendant's violations of the Fair Labor Standards Act, Plaintiff has suffered emotional pain and suffering, and therefore seeks compensatory damages to make him whole for such damage.

WHEREFORE, Plaintiff prays that this Court will grant judgment against the Defendant as follows:

(a) Awarding damages against the Defendant on the basis of Defendant's willful violations of the Fair Labor Standards Act, 29 U.S.C. § 206 et seq. and other Federal Regulations; and

(b) Awarding Plaintiff actual damages in the amount shown to be due for unpaid wages and overtime compensation for hours worked in excess of forty weekly, with interest; and

(c) Awarding Plaintiff compensatory damages for emotional pain and suffering;

(d) Awarding Plaintiff an equal amount in double damages/liquidated damages; and

(e) Awarding Plaintiff costs, and reasonable attorneys' fees; and

(f) Granting such other and further relief as this Court deems equitable and just and/or available pursuant to Federal Law.

### COUNT III – RECOVERY OF UNPAID WAGES UNDER SECTION 448, FLORIDA STATUTES

49. Plaintiff re-alleges and incorporates herein the allegations contained in paragraphs 1 through 34 above.

50. During Plaintiff's employment with Defendant, Plaintiff regularly worked an average of 70-80 hours a week.

51. Defendant has not paid the Plaintiff for any hours worked in excess of forty (40) hours in a workweek.

7

52. In addition, Defendant has not reimbursed the Plaintiff at a rate of pay equal to Florida's statutory minimum wage.

53. Defendant therefore has wrongfully deprived the Plaintiff of employment wages to which Plaintiff is lawfully entitled.

54. Plaintiff has been damaged as a result of the Defendant's failure to compensate Plaintiff in accordance with Plaintiff's entitlement.

55. By reason of the intentional, willful, and unlawful acts of the Defendant, Plaintiff has suffered damages plus incurring costs and reasonable attorneys' fees.

56. As a result of the Defendant's violations of Florida law, Plaintiff has suffered emotional pain and suffering, and therefore seeks compensatory damages to make him whole for such damage.

57. Pursuant to section 448.08 of the Florida Statutes, Plaintiff is entitled to the costs of this action and a reasonable attorney's fee.

WHEREFORE, Plaintiff prays that this Court will grant judgment against the Defendant as follows:

(a) Awarding Plaintiff actual damages in the amount shown to be due for unpaid wages, with interest;

(b) Awarding Plaintiff compensatory damages for emotional pain and suffering;

(c) Awarding Plaintiff costs, and reasonable attorneys' fees; and

(d) Granting such other and further relief as this Court deems equitable and just and/or available pursuant to Florida Law.

## JURY TRIAL DEMANDED

Plaintiff demands a jury trial on all issues so triable.

DATED: April 6, 2017

                                      Respectfully Submitted,

                                      *s/ Chad A. Barr*
                                      Chad A. Barr, Esquire
                                      Fla. Bar No.: 55365
                                      Law Office of Chad A. Barr, P.A.
                                      986 Douglas Avenue
                                      Suite 100
                                      Altamonte Springs, Florida 32714
                                      Telephone: (407) 599-9036
                                      service@chadbarrlaw.com (Primary)
                                      chad@chadbarrlaw.com (Secondary)